UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| IVYPORT LOGISTICAL SERVICES, INC., <br><br>      Plaintiff, <br><br> v. <br><br> CARIBBEAN AIRPORT FACILITIES, INC., et al., <br><br>      Defendants. | Civil No. 06-1980 (JAF) |

**OPINION AND ORDER**

Plaintiff Ivyport Logistical Services, Inc. ("Ivyport") brings the present action against Defendants Caribbean Airport Facilities, Inc. ("CAF"), Cargo-Force-SJU, Corp. ("Cargo"), and Puerto Rico Ports Authority ("PRPA"), seeking injunctive relief enjoining Defendants from repossessing or otherwise interfering with Plaintiff's use of its equipment at the Luis Muñoz Marín International Airport ("the airport"). Docket Document Nos. 1, 2, 4. Defendants move to dismiss,[1] alleging that (1) Plaintiff failed to establish federal question jurisdiction because the federal statutes that Plaintiff sued under do not provide a private cause of action; and (2) Plaintiff's request for injunctive relief has been rendered moot. Docket Document Nos. 11, 13, 16. In the alternative, Defendants assert that we

---

[1] The motion to dismiss pending before the court challenges only Plaintiff's first amended complaint. Docket Document Nos. 11, 13, 16. Plaintiff filed a second amended complaint on January 17, 2007, listing two additional defendants and new causes of actions. Docket Document No. 37.

should abstain from issuing injunctive relief in this case because Defendant CAF filed several lawsuits against Plaintiff Ivyport in local Commonwealth court and one of the issues being litigated is Defendant CAF's authority to repossess Plaintiff's equipment. <u>Docket Document Nos. 11, 13, 16</u>. For the reasons stated below, we grant Defendants' motion to dismiss.

**I.**

**Factual and Procedural Synopsis**

Unless otherwise indicated, we derive the following factual summary from the parties' filings. <u>Docket Document Nos. 1, 2, 4, 11, 13, 14, 16</u>.

For almost twenty years, Defendant CAF has leased land at the airport from Defendant PRPA. CAF constructed several warehouses and, in 1997, leased one of them to Swissport International, Ltd. ("Swissport"). In 2002, Swissport was acquired by new owners and renamed Ivyport. Ivyport is engaged in providing passenger and cargo services to various airlines, including the loading and unloading of cargo, and transfer of cargo to its warehouse where it inspects, stores, and processes cargo under United States Customs bonds.

At some point, CAF acquired loans that Ivyport had entered into with RG Premier Bank. These loans were secured by the equipment that Ivyport uses to perform its operations. After Ivyport allegedly failed to make its monthly loan payments to CAF, CAF filed a lawsuit in Carolina Superior Court seeking immediate repayment of the loan

Civil No. 06-1980 (JAF)                                                          -3-

and repossession of the equipment given as collateral.  CAF also sent Plaintiff a letter dated October 2, 2007, stating that, unless Ivyport paid its debt immediately, CAF would repossess Ivyport's equipment.  Plaintiff is seeking injunctive relief to enjoin CAF from repossessing its equipment.

Plaintiff is also seeking injunctive relief against Defendants Cargo and PRPA.  Defendant Cargo is a company that, like Ivyport, assists airline companies with cargo and other services.  According to Ivyport, Defendant Cargo is somehow involved in CAF's plan to interfere with Ivyport's operations.  Plaintiff seeks injunctive relief against Cargo to prevent it from participating in this alleged scheme.  Defendant PRPA is the administrator of the airport.  It is responsible for issuing identification passes, which are required to gain access to secure areas of the airport, including the secure area where Ivyport's equipment is located.  Plaintiff seeks to enjoin PRPA from granting CAF access to Ivyport's equipment.

Plaintiff filed its complaint for injunctive relief on September 29, 2006, which it amended on October 1, 2006, and then supplemented the following day.  Docket Document Nos. 1, 2, 4.  According to Plaintiff, its request is urgent because, if CAF repossess its equipment, it will interfere with airport operations.  Docket Document Nos. 1, 2, 4.

Defendant CAF moved to dismiss on October 12, 2006, Docket Document No. 11, and Defendant Cargo moved to dismiss on October 23,

2006, Docket Document No. 13, asserting essentially the same arguments as CAF. Defendant PRPA joined both of these motions to dismiss. Docket Document No. 16. Plaintiff opposed on October 25, 2006. Docket Document No. 14.

## II.

### Motion to Dismiss Standard under Rule 12(b)(1)

Under Rule 12(b)(1), a defendant may move to dismiss an action against him for lack of federal subject matter jurisdiction. See FED. R. CIV. P. 12(b)(1). The party asserting jurisdiction has the burden of demonstrating its existence. See Skwira v. United States, 344 F.3d 64, 71 (1st Cir. 2003) (citing Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995)).

Rule 12(b)(1) is a "large umbrella, overspreading a variety of different types of challenges to subject-matter jurisdiction," including ripeness, mootness, the existence of a federal question, diversity, and sovereign immunity. Valentin v. Hosp. Bella Vista, 254 F.3d 358, 362-63 (1st Cir. 2001). A moving party may mount a "sufficiency challenge," taking the plaintiff's "jurisdictionally-significant facts as true" and requiring the court to "assess whether the plaintiff has propounded an adequate basis for subject-matter jurisdiction." Valentin, 254 F.3d at 363. Alternatively, when the jurisdictional facts are distinct from the case's merits, a moving party can bring a "factual challenge," in which case the court

addresses "the merits of the jurisdictional claim by resolving the factual disputes between the parties." Id.

### III.

### Analysis

Defendants move to dismiss, alleging that (1) we cannot exercise federal question jurisdiction over the case because the federal statutes that Plaintiff has sued under do not provide a private cause of action; and (2) Plaintiff's request for injunctive relief has been rendered moot. Docket Document Nos. 11, 13, 16. In the alternative, Defendants assert that we should abstain from issuing injunctive relief in this case because Defendant CAF filed several lawsuits against Plaintiff Ivyport in local Commonwealth court and one of the issues being litigated is Defendant CAF's authority to repossess Plaintiff's equipment. Docket Document Nos. 11, 13, 16.

**A.   Federal Question Jurisdiction**

Defendants CAF and PRPA assert that Plaintiff has failed to establish federal question jurisdiction. Docket Document Nos. 11, 16. Plaintiff lists two statutes and their regulations in its amended complaint - the Homeland Security Act of 2002 ("HSA"), 6 U.S.C. § 111 (2007), and the Transportation Security Administration Act ("TSAA"), 49 U.S.C. § 114 (2007). Docket Document No. 2. However, Plaintiff has not pointed to a specific provision of either act that provides individuals with a private cause of action to enforce the provisions of the statute. See id.

Section 863 of the HSA provides a private cause of action, but that provision does not apply here as it is limited to specific types of "claims arising out of, relating to, or resulting from an act of terrorism." 6 U.S.C. § 442(a). Otherwise, we have not found, nor has Plaintiff demonstrated, that there is any other explicit or implicit private cause of action upon which this lawsuit may be based. See Dallas County v. City of Selma, No. 05-0350, 2006 U.S. Dist. LEXIS 10055, at *10-17 (S.D. Ala. Feb. 24, 2006)(finding that, aside from section 863, HSA does not provide an explicit or implicit private cause of action).

Plaintiff has also failed to point to, and we have not found, a private cause of action in the TSAA that can be used as a basis for this lawsuit. Accordingly, we do not have jurisdiction over this case pursuant to either the HSA or the TSAA. Moreover, even if we could exercise federal question jurisdiction, we find that Plaintiff's claims for injunctive relief have been rendered moot.

**B.    Mootness**

Defendants assert that Plaintiff's claims for injunctive relief enjoining them from repossessing or otherwise interfering with Plaintiff's use of its equipment have been rendered moot. Docket Document Nos. 11, 13, 16.

"The mootness doctrine is rooted largely in the idea that courts, because of their distinct institutional competence and role, should not decide abstract questions of law divorced from real

Civil No. 06-1980 (JAF)                                              -7-

factual controversies." Horizon Bank & Trust Co. v. Massachusetts, 391 F.3d 48, 55 (1st Cir. 2004). "A case is moot when the issues are no longer live or the parties no longer have a legally cognizable interest in the outcome." Id. at 53. For example, as in the present case, a case can become moot "because of a change in the fact situation underlying the dispute, making relief now pointless." Id.

Plaintiff concedes that the Carolina Commonwealth court issued an order forbidding Defendant CAF from repossessing any equipment without a court order. See Docket Document No. 14 (citing Commonwealth Case No. 05-2382(408)). According to Plaintiff, the order was "dated October 2, 2006 and notified on October 11, 2006." Id.[2] However, Plaintiff asserts that there is still a risk that Defendant CAF will try to repossess Plaintiff's equipment without a court order and points to CAF's October 2, 2006 letter in support of its contention. Docket Document Nos. 1, 2, 4. We find this argument to be unpersuasive.

We have no reason to believe that CAF will not abide by the Commonwealth court's order. In addition, although Plaintiff insisted in its complaint that the threat of repossession was imminent, CAF had not made any attempts to repossess any of Plaintiffs' equipment as of the date of the parties' filings. See Docket Document Nos. 11,

---

[2] Because the existence of this order is uncontested, we will consider it, even though a copy of it was not submitted to us, as it should have been.

13, 14, 16. As such, we find that the Commonwealth court's order prohibiting Defendant CAF from repossessing Plaintiff's equipment has rendered Plaintiff's request for injunctive relief moot. Because there is no longer a live controversy, we cannot issue what would essentially be a duplicate order enjoining Defendant CAF from repossessing the Plaintiff's equipment.

Having found that we do not have jurisdiction over any of the claims in Plaintiff's first amended complaint, we find it unnecessary to reach the issue of abstention. See Ohio Civil Rights Comm'n v. Dayton Christian Schs., Inc., 477 U.S. 619, 626 (1986)(indicating that a district court must first have jurisdiction over a case before deciding whether Younger abstention applies).

### IV.

### Conclusion

For the foregoing reasons, we **GRANT** Defendants' motions to dismiss, Docket Document Nos. 11, 13, 16, and **DISMISS** Plaintiff's petition for injunctive relief and first amended complaint, Docket Document Nos. 1, 2, 4, as to Defendants Caribbean Airport Facilities, Inc., Cargo-Force-SJU, and Puerto Rico Ports Authority.

In addition, we note that Defendants Caribbean Airport Facilities, Inc., Cargo-Force-SJU, Puerto Rico Ports Authority, and newly-named Defendant Charter America, Inc. have all filed answers to Plaintiff's second amended complaint alleging, inter alia, that Plaintiff's new antitrust claims fail to state a proper cause of

Civil No. 06-1980 (JAF)                                              -9-

action under federal antitrust law.  Docket Document Nos. 51, 53, 54, 59.  Accordingly, each Defendant is directed to file a FED. R. CIV. P. Rule 56 motion for summary judgment **within twenty (20) days** more fully explaining the reasons why the court does not have subject matter over Plaintiff's antitrust claims.  Plaintiff will oppose **within twenty (20) days of the date of the filing of the main motion.**  See Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986) (explaining that district courts can raise issues proper for summary judgment *sua sponte*).

    **IT IS SO ORDERED.**

    San Juan, Puerto Rico, this 30th day of May, 2007.

                                        S/José Antonio Fusté
                                        JOSE ANTONIO FUSTE
                                        Chief U.S. District Judge